GUSTAVUS V. HALL vs. WEST END STREET RAILWAY
COMPANY.

Suffolk.     March 26, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence.*

An action for personal injuries sustained in consequence of being struck by· an
electric car on the cross walk of a street cannot be maintained when it appears
that the plaintiff, who had good eyesight but was very deaf, at midday under-
took to cross a street in a city at a place where cars and vehicles were almost
constantly passing, without looking to the right or left, although there was evi-
dence that the street was free from vehicles for a considerable distance in the
direction from which the street car was approaching, and the plaintiff testified
that, if he had looked in that direction, he could have seen a distance of three
or four hundred feet, and also testified that he saw nothing approaching, and
did not know when he was struck.

TORT, for personal injuries occasioned to the plaintiff in con-
sequence of being struck by an electric car while crossing the
street.

Trial in the Superior Court, before *Blodgett,* J., who allowed
a bill of exceptions, in substance as follows.

The plaintiff, who was of advanced age, and who, though very
deaf, had good eyesight, undertook to cross Canal Street in the
city of Boston, from the corner of Sudbury Street to the Boston
and Maine Railroad Station, at about midday on February 16,
1893, and when he reached the farther of the two car tracks
running through Canal Street he was struck and knocked down
by a South Boston electric car belonging to the defendant, and
received the injuries complained of.

The plaintiff testified that, when he undertook to cross the
street, the crossing was perfectly clear except that there was a
young woman a few seconds ahead of him; that there were no
teams or vehicles in his way; that he heard no noise until after
he was struck; and that he did not know when he was struck.

On cross-examination the plaintiff testified that what he meant
by the crossing being clear was that it was free from ice and
snow; and on redirect examination he testified that before cross-

ing he had looked only straight ahead; that if he had looked in the direction of the car he could have seen a distance of three or four hundred feet; but that he saw nothing approaching.

This was all the material evidence in the case relative to the manner in which the accident occurred. But there was testimony for the plaintiff that the car was not going faster than three or four miles an hour, and that it was stopped when the forward end had gone ten or fifteen feet beyond the cross walk.

At the close of the plaintiff's case, the judge ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*J. R. Murphy,* (*R. S. Hall* with him,) for the plaintiff.

*W. B. Sprout,* for the defendant.

KNOWLTON, J. There is no absolute rule of law that, to be in the exercise of due care, one about to cross a public street must look and listen for approaching vehicles. *Robbins* v. *Springfield Street Railway,* 165 Mass. 30. He must do for his safety what ordinarily careful persons are accustomed to do under like circumstances.

Soon after twelve o'clock in the daytime, the plaintiff was about to cross Canal Street in Boston, at a place where cars and other vehicles are almost constantly passing. He had good eyesight, but was very deaf. The evidence tended to show that the street was free from vehicles for a considerable distance in the direction from which the car was approaching, and the plaintiff testified that, if he had looked in that direction, he could have seen a distance of three or four hundred feet. He also testified that he saw nothing approaching, and did not know when he was struck. None of his witnesses testified that the car which struck him was going faster than three or four miles an hour; and it appears to have been stopped when the forward end of it had got only ten or fifteen feet beyond the cross walk.

We are of opinion that all the evidence fails to show that the plaintiff was in the exercise of due care. His want of hearing made it incumbent upon him to be more alert in the use of his other senses. For him to cross in such a place, where he could not fail to know that passing vehicles were constantly to be.expected, in such a state of inattention that he knew nothing of the approach of the car until after he was struck, shows a want of ordinary care.

It is not necessary to decide that there was or was not evidence of negligence on the part of the defendant. If there was any, it was very slight. The motorman, while going at the rate of three or four miles an hour, had no reason to expect that a man crossing on the walk would step immediately before the car where it would run over him. As he saw the plaintiff approaching he would naturally expect that he would either hurry across before the car, or stop before stepping on the track, and let the car pass by.                              *Exceptions overruled.*