EDWARD B. KELLY vs. WAKEFIELD AND STONEHAM STREET RAILWAY COMPANY.

Middlesex. November 21, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Street Railway — Contributory Negligence — Action.*

A person, who was driving a horse attached to an ordinary wagon on a street in a town that crossed another street on which were an electric railway and also a row of trees which obstructed the view for some distance easterly from the corner of the streets, when within about sixty feet of the corner looked both ways to see if a car was coming ; but, without listening for a car which might have passed behind the trees before he looked, he drove at the rate of four or five miles an hour up to the crossing and collided with a car going west at the rate of twelve to sixteen miles an hour, and was injured. *Held*, that he was guilty of contributory negligence, which precluded him from maintaining an action against the railway corporation for his injury.

TORT, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. At the trial in the

Superior Court, before *Hardy*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion. .

*S. J. Elder*, (*R. Walcott* with him,) for the defendant.

*F. P. Curran*, (*A. D. Moran* with him,) for the plaintiff.

LORING, J.   This was an action to recover for injuries caused by a collision between the plaintiff's wagon and an electric car of the defendant corporation, as the plaintiff was driving into Main Street from Richardson Street in the town of Wakefield. Apparently, Main Street runs east and west and Richardson Street runs north and south. The tracks of the defendant are on the southerly side of Main Street, and distant seven feet or less from the curbstone of the sidewalk on that side of the street. The accident happened about five minutes past seven o'clock on the evening of November 24, 1897. The plaintiff is a grocer, having a store on Main Street, and was, at the time of the accident, driving from the house of a customer, where he had delivered some groceries, to his store. In passing over Richardson Street in the direction of Main Street, the plaintiff crossed the tracks of the Boston and Maine Railroad, and he testified that just after he passed the flagman's house at this railroad crossing he looked both ways to see if an electric car was coming. It is stated in the bill of exceptions that from this flagman's house to the southerly rail of the defendant's tracks in Main Street is eighty feet. The plaintiff was driving a horse attached to an ordinary grocer's wagon, and the distance from his seat on the wagon to his horse's nose was twelve feet. There was a row of pine trees inside the street wall on Main Street, running east from the corner of Richardson Street, and the plaintiff testified that the view of a person seated in a wagon, as he was, would be so obstructed by them, if he were eighteen feet back from the electric car track, that he could not see a car going west from the square or armory to the corner; that a person seated in such a wagon opposite the flagman's house could see two thirds of the distance from the armory to the corner, and that he could not obtain a view up the track towards the armory after he had passed the line of the trees until he reached a point fourteen feet south of the southerly rail of the defendant's track. The plaintiff's evidence tended to

show that the night in question was dark, with light snow or
rain; that the defendant's car came at the rate of twelve to six-
teen miles an hour, and that the plaintiff was driving at the rate
of between four and five miles an hour.   He testified that after
he looked for a car at or near the flagman's house, he drove on
about his business on the right-hand side of Richardson Street;
that he heard no gong, and just as he got to the corner his horse
turned or swerved to the left, the fender of the car tripped him,
and he fell on his right side toward the car, the car striking the
wagon at about the front wheel; and that he was thrown on
the ground between his wagon and the car, and when he got
up the car had passed him.

We are of opinion that the plaintiff's evidence showed that
he was negligent, and that his negligence contributed to the
accident.

There is no absolute rule of law requiring a traveller to look
and listen before crossing the tracks of an electric railway in
a public highway.   *Robbins* v. *Springfield Street Railway*, 165
Mass. 30.   On the other hand, if it appears that the plaintiff's
conduct was negligent, and that such negligence contributed to
the injury he has suffered, it is the duty of the court to direct a
verdict for the defendant.   *Creamer* v. *West End Street Rail-
way*, 156 Mass. 320.   *Hall* v. *West End Street Railway*, 168
Mass. 461.   Assuming that the trees were as impenetrable as
the plaintiff's evidence showed that they were, the plaintiff used
due care to avoid a collision with a car which had not gone
behind them when he was at the flagman's house; but his evi-
dence does not show that he used any care to avoid a collision
with a car which had gone behind the trees before he looked.
It may be that it would have done no good to look for a car
when clear of the obstruction of the trees; for when he was clear
of the trees his horse's nose was two feet from the line of the
southerly rail and not one foot from the side of the electric car,
if we assume, as we must, that this car had an overhanging side
extending over the line of the rail; no ordinary horse, with his
nose less than one foot from the side of an electric car going at
the rate of from twelve to sixteen miles an hour could be stopped
so as to prevent some kind of an accident.

But the plaintiff did not listen before driving from Richard-

son Street on to whatever might come forth from behind the impenetrable obstruction of the pine trees; if the gong was not sounding, as his evidence shows, the plaintiff would not have been so sure to ascertain by listening that the car was coming as he would have been if the gong had been sounded; but if he had stopped at a safe distance to listen, he must have heard the swish of the electric current and the rattle of the car.

But the decisive reason for holding that the plaintiff was guilty of contributory negligence is that knowing that he could not see a car which was behind the trees, and knowing that a car might have passed in behind the trees before he looked when just past the flagman's house, he did not take any pains to see that such a car had gone by before he drove on to the crossing or so near to it that some accident was inevitable; and, without further looking or listening, he drove about his business up Richardson Street, to the crossing, at the rate of four or five miles an hour, and was run into by the car. If the plaintiff looked when he was personally just past the flagman's house the distance he had to travel before his horse was so near the car that some accident was inevitable, was about sixty feet; if a car had just gone behind the trees when he looked, it had nearly one hundred and eighty feet to travel before reaching the crossing, and more than one hundred and eighty feet in order to go beyond the crossing and leave it clear; a car which had just gone behind the trees when the plaintiff looked had to go at a greater speed than the maximum speed of sixteen miles an hour, testified to by the plaintiff, to get clear of the crossing before the plaintiff was so near it as to make some accident inevitable; and it is apparent that there were many possibilities of a collision arising from a car having gone behind the trees earlier and having proceeded at a slower rate.

It is true that the plaintiff's conduct is not to be judged of in the light of what has happened, but in the light of the circumstances as they then presented themselves to him; and that he cannot fairly be charged with the result of arithmetical calculations made after the event, by persons not confronted with the necessity of action. But the difficulty is that the plaintiff's evidence fails to show that he made any calculation as to when a car which was behind the trees when he looked would get clear

of the crossing, and after looking when just past the flagman's house he drove ahead on the assumption that no further care was necessary to be taken by him to avoid a collision.

*Exceptions sustained ; new trial ordered.*