JULIA DONOVAN *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Suffolk.    November 17, 1903. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence,* Contributory.

Although there is no absolute rule of law that a person to exercise due care must look and listen before crossing the track of an electric street railway, yet the circumstances may be such that a failure to look and listen will be conclusive evidence of a want of due care.

A woman crossing a city street on her way to purchase meat at eleven o'clock on a misty evening, who without looking or listening steps on the track of an electric street railway in front of an approaching well lighted car ten feet distant, which could have been seen from one hundred and fifty to three hundred feet away, and the motorman of which is making a noise in putting on the brakes sufficient to attract attention, is not in the exercise of due care.

TORT by a woman thirty-eight years old against a street railway company for injuries from being struck by an electric street car of the defendant on Chelsea Street near the corner of Call Street in that part of Boston called Charlestown. Writ dated November 6, 1899.

In the Superior Court the case was tried before *Sheldon*, J., who, at the close of the plaintiff's evidence, ruled at the request of the defendant that the plaintiff could not recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*M. F. Phelan & E. E. Reardon*, for the plaintiff.

*H. F. Hurlburt & D. E. Hall*, for the defendant.

MORTON, J.    This is an action of tort to recover for personal injuries caused by the plaintiff's being struck by one of the defendant's cars as she was crossing Chelsea Street in

Charlestown on the evening of July 8, 1899.    At the close of the plaintiff's evidence the judge ruled that she could not recover and directed a verdict for the defendant.    The case is here on the plaintiff's exceptions to this ruling and direction.

We think that the ruling was right, and that the plaintiff was not in the exercise of due care.    The accident happened at about eleven o'clock in the evening, and the plaintiff was struck by the car just as she was in the act of stepping on to the track. The night was misty and rainy.    The plaintiff lived near by and was familiar with the street and the running of the cars.    She was on her way to a store to purchase some meat.    She testified that as she came to the crossing she looked around and saw that a car was just about as far as Gray Street; that she "just gave a look around and saw another car coming from City Square, quite a distance away, also going towards Chelsea"; that she "walked along the crossing and . . . was struck by a car coming along from Chelsea and going towards City Square"; that she "did not see any car coming from Chelsea; did not hear any gong nor any car."    But the uncontradicted testimony of her own *witnesses* showed that the car which struck her was well lighted, and, notwithstanding the night was misty and rainy, could be seen from one hundred and fifty to three hundred feet away.    It also showed that the car was only ten feet away when she stepped on to the track, and that the noise made by the motorman in putting on the brakes was sufficient to attract attention.    The distance from the curbing to the track on which she was in the act of stepping when struck was seventeen and a half feet, and her own statement on cross-examination was that she "stepped down on to the cross walk and walked right across on the crossing and was struck"; that she "walked kind of fast"; and all she "noticed was the car which the last time" she "saw it was at Gray Street, and the other car some distance away from me coming out from City Square"; and that she paid no attention to anything except that she was going to some store. If she looked, as she stepped on to the cross walk, it would seem to have been done so hastily and carelessly as to give her no information as to the actual situation on which she was justified in relying, and she passed over the distance between the sidewalk and the track, on which the car was approaching,

and stepped on to the track almost in front of the car without, so far as appears, taking any further precaution to guard against accident. It is true that there is no absolute rule of law that requires that a person should look and listen before crossing an electric street railway track (*Robbins* v. *Springfield Street Railway*, 165 Mass. 30), but the circumstances may be such that a failure to look or listen will be conclusive evidence of a want of due care. *Hall* v. *West End Street Railway*, 168 Mass. 461. *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542. In the present case we think, as already observed, that the circumstances show that the plaintiff was not in the exercise of due care.

*Exceptions overruled.*