## BARNETT ITZKOWITZ *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 9, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence,* Contributory, On highway.

One who in the middle of the day is walking on a narrow plank walk extending along a temporary structure built out into a city street in front of a building in process of construction, and, to pass a man on the plank, steps directly in front of an electric car approaching from the opposite direction, which he could not have failed to see if he had looked, cannot be found to have been in the exercise of due care.

TORT for injuries from being run down by an electric surface car of the defendant.    Writ dated September 12, 1901.

In the Superior Court the case was tried before *Bishop,* J.    It appeared that the plaintiff was injured by coming in contact with a car of the defendant which was going in a southerly direction on Atlantic Avenue in Boston, about one o'clock P. M., on March 11, 1901.    On the west side of the avenue was a temporary wooden structure, which had been erected by contractors who were putting up a new building, and which extended from the westerly line of the avenue across and six feet beyond the sidewalk into the street.    Along the easterly front of this structure was a temporary plank walk one foot and eight inches wide, the outer edge of which was two feet two and one half inches from the westerly car rail of the defendant's railway.    This plank walk connected with another temporary plank walk two feet six inches wide leading from the end of the temporary structure to the sidewalk.    The shop from which the plaintiff started adjoined the temporary structure on the south.

The plaintiff testified that he went to Goldberg's shop on Atlantic Avenue, and left it to go to Union Street, "so when I was coming right from the sidewalk I was taking the plank board to go towards home this way, and I was meeting there a man that come side of this rail, and I twisted this way around him, and the car struck me and knocked me helpless, — I was n't knowing where I was.    That's all I know."

The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. C. Nichols*, for the plaintiff.

*G. L. Mayberry*, for the defendant.

KNOWLTON, C. J. There was very little if any evidence that the car was running otherwise than in the usual way, or that there was any negligence on the part of the defendant. But we will assume in favor of the plaintiff that he properly might have gone to the jury on this part of his case. The important question is whether there was evidence that the plaintiff was in the exercise of due care. Upon the undisputed testimony, he came out of a shop in the middle of the day and stepped directly in front of the car as he was starting to pass through the street towards the north, while the car was coming to meet him moving towards the south. If he was in the exercise of care, he could not fail to see that he was close by the track of a street railway, and that a car might be expected to pass over it towards the south at any moment. The obstruction built over the sidewalk made it impossible for him to see up.the track until he reached the corner; but as soon as he was there, and before he reached the point of danger, the track for a long distance was directly before him, open to his view.

In his testimony and that of his witnesses, there is nothing by way of justification or explanation of his act in stepping within the line of passage of the moving car when he could not fail to see it without shutting his eyes, and when it would seem as if he should have heard it. The only reasonable explanation of the accident is that the plaintiff hurriedly, and thoughtlessly and carelessly stepped in front of the car, without giving any attention to his safety, in a crowded street. In some of its aspects the case is like *Hall* v. *West End Street Railway*, 168 Mass. 461. See also *Kelly* v. *Wakefield & Stoneham Street Railway*, 175 Mass. 331; *Hurley* v. *West End Street Railway*, 180 Mass. 370; *Creamer* v. *West End Street Railway*, 156 Mass. 320; *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway*, 177 Mass. 416. We are of opinion that there was no evidence that the plaintiff was in the exercise of due care.

*Exceptions overruled.*