DAVID DUNN *vs.* OLD COLONY STREET RAILWAY COMPANY.

Plymouth. January 29, 1904. — June 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Contributory, On highway.

The owner of furniture being transported in a wagon cannot recover from a street railway company for injury to the furniture by a collision with a car of the railway company if the driver of the wagon was not in the exercise of due care.

One who driving from an intersecting street approaches a street on which he knows that electric cars run in both directions and looking only in one direction is struck by a car coming from the other direction is not in the exercise of due care.

LATHROP, J.    This is an action of tort by the owner of some furniture which was injured in consequence of the wagon on which the furniture was loaded coming into collision with an electric car of the defendant, at the corner of Main Street and Ford Street in Brockton. At the close of the evidence, the defendant asked the judge to rule that even if there was evidence of negligence on the part of the defendant, there was no evidence that the plaintiff was in the exercise of due care ; and also that there was no evidence of negligence on the part of the defendant. The judge refused to give these requests for rulings. The jury returned a verdict for the plaintiff ; and the case is before us on the defendant's exceptions.

We need not consider whether there was any evidence of the defendant's negligence sufficient to warrant the submission of the case to the jury ; for we are of opinion that the evidence in behalf of the plaintiff showed negligence of the driver of the wagon ; and that his negligence is to be imputed to the plaintiff is not contested.

Main Street in Brockton runs about north and south, and Ford Street runs into it at a right angle. On Main Street there are two lines of electric car tracks. The driver lived in Brockton and was familiar with Main Street and with the fact that cars ran both ways upon it. While on Ford Street, at a point fifty or sixty feet distant from Main Street, he looked towards the north and saw no car coming; but he did not look towards the south,

from which direction the car came that struck his wagon. He testified that he did not look again for a car, but watched his horses, which were walking. There were two persons on the seat with him, and he testified that he did not know there was any car until one of these persons said: " Here is a car coming down Main Street, and, by gorry, he is going to hit you Billy " ; that he put the whip to the horses, but it was no use; that the car struck the tail board and the hind wheel and tipped the wagon over; and that the accident occurred on a pleasant afternoon in September, when it was light and one could see everything.

The only other witness for the plaintiff testified that when the horses were on the track he happened to look up and saw the car coming, and said to the driver, " Give them the whip, Billy, the car is coming, and is going to strike you." It also appeared that there was nothing to prevent the driver's seeing the car, had he looked, at any time after he was fifty or sixty feet away from Main Street.

On the evidence in this case the driver failed to exercise that care for the safety of the wagon which ordinarily careful persons are accustomed to use under like circumstances. The case cannot be distinguished from *Hurley* v. *West End Street Railway*, 180 Mass. 370. See also *Kelly* v. *Wakefield & Stoneham Street Railway*, 175 Mass. 331. In the opinion of a majority of the court the entry must be

*Exceptions sustained.*

*W. D. Turner*, (*J. M. Codman, Jr.*, with him,) for the defendant.
*F. M. Bixby*, for the plaintiff, submitted a brief.