LOUIS SALTMAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 10, 1904. — January 6, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Contributory, In driving.

If one in driving approaches a double line of car tracks, where he knows that cars frequently are passing in both directions, and holds up his horse to allow a car to pass, and if immediately afterwards he drives upon the tracks without looking to see whether a car is coming from the opposite direction which he could not see or hear while the first car was passing, and is struck by such a car, he is negligent as a matter of law.

LATHROP, J.    This is an action of tort for injuries resulting from a collision between an electric car of the defendant coming up Brattle Street into Harvard Square in the city of Cambridge, and a wagon which the plaintiff was driving. The collision took place about two o'clock in the afternoon on October 25, 1900.

At the trial in the Superior Court, the judge declined to rule that there was no evidence of negligence on the part of the defendant, but instructed the jury, as matter of law, that the plaintiff was not in the exercise of due care, and that his lack of care contributed to the injury ; and directed a verdict for the defendant. The only question before us is raised by the plaintiff's exception to the latter ruling.

The plaintiff was driving, in an express wagon loaded with junk, from North Cambridge, intending to cross Brattle Street, which runs from the west side of Harvard Square, into Boylston Street, which runs from the south side of the square. The plaintiff's horse and wagon together were about twenty-two feet long.

There are numerous tracks of the defendant in Harvard Square, and two tracks in the middle of Brattle Street, occupying a space of fourteen feet and nine inches. The plaintiff was familiar with the locality, as he passed through there about every day. He also knew that "there were a good many cars going through there all the time." Brattle Street is straight in the direction from Harvard Square towards Brattle Square, for a distance variously estimated at from one hundred to three hundred feet, but which appeared by an atlas of the city of Cambridge to be two hundred and sixty-two feet, where the street curves towards Brattle Square.

The plaintiff testified that the distance of the straight part of the street was from one hundred to one hundred and fifty feet.

The plaintiff also testified that as he approached the tracks on Brattle Street he was obliged to slow up to allow a car to pass him going from Harvard Square to Brattle Square; that while this car was passing he looked down Brattle Street but saw no car approaching from the other direction; that he could not say that he looked again after that; that as soon as the outward bound car passed him he drove straight along looking straight ahead; and that an inward bound car struck the hind wheel of his wagon, doing the injury complained of. The plaintiff further testified that there was nothing except the passing car to prevent the motorman of the car which struck him from seeing him or from his seeing the car.

On this evidence we are of opinion that the ruling of the court below was right. The plaintiff's looking while his view was obstructed by a passing car did him no good. Common experience teaches us that it is unsafe to cross a double line of tracks without looking to see whether a car is approaching on either line; and it also teaches us that if the view is temporarily obstructed one should wait until the view is unobstructed. The plaintiff in this case drove upon the second line of tracks when it was impossible for him to use his sight for his protection, and when he could not depend upon his sense of hearing, as it would be impossible for him to distinguish between the noise made by the car which was passing and that of the approaching car.

The case seems to us to come fairly within *Kelly* v. *Wakefield*

*& Stoneham Street Railway*, 179 Mass. 542, *Hurley* v. *West End Street Railway*, 180 Mass. 370, and *Dunn* v. *Old Colony Street Railway*, 186 Mass. 316. See also *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533.

*Exceptions overruled.*

*E. Greenhood,* (*J. Bon* with him,) for the plaintiff.

*H. Bancroft,* for the defendant.