EMERSON E. BARTLETT *vs.* WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.

Worcester.   October 2, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.*

A person riding a bicycle on a street which has a double line of electric car tracks is not in the exercise of due care, if, while his view of the farther track is obstructed by a car which has passed him on the nearer track, he attempts to cross the tracks and is struck by a car approaching on the farther track from the opposite direction. Due care requires him to wait until his view of the farther track is unobstructed.

LATHROP, J.   This is an action of tort for personal injuries sustained by the plaintiff resulting from his coming into collision with an electric car of the defendant on Main Street in Worcester. At the trial in the Superior Court, at the close of the plaintiff's evidence, a verdict was ordered for the defendant; and the case is before us on the plaintiff's exceptions.

We are of opinion that the ruling was right. At the place of the accident Main Street runs north and south, and there are two tracks of the defendant in the street. The plaintiff was going south, riding on a bicycle, and a car passed him going in the same direction, stopping at Austin Street. The plaintiff testified that he was then twelve or fifteen feet behind the car, and turned to cross the track; that he looked and listened to ascertain whether a car was coming on the other track; that he could not see because the car that had stopped obstructed his view; that he heard nothing; that he took his chance and was struck by a car on the other track. It appeared that the plaintiff's bicycle struck the forward truck of the car; that the car was going slowly, as it stopped within ten feet.

We find very little evidence, if any, of negligence on the part of the defendant. The evidence was entirely negative on the question whether the gong was sounded; and there was no evidence that it was a usual place to sound the gong. The plaintiff testified that he did not see the car until he was within five

feet of it; and the motorman could not see him sooner.   The sounding of the gong then would have been of no avail.

If there was any evidence for the jury on this branch of the case, it is clear that the plaintiff was not in the exercise of due care.   The accident happened soon after twelve o'clock, noon, on the main street of a large city.   The case falls within *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243, where it is said: " The plaintiff's looking while his view was obstructed by, a passing car did him no good.   Common experience teaches us that it is unsafe to cross a double line of tracks without looking to see whether a car is approaching on either line; and it also teaches us that if the view is temporarily obstructed one should wait until the view is unobstructed."   See also the cases cited in *Saltman* v. *Boston Elevated Railway, supra.*

*Exceptions overruled.*

*J. W. Sheehan,* for the plaintiff.
*C. C. Milton,* for the defendant.