## CHARLES FINNICK *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.    November 14, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence.    Street Railway.*

A motorman running a special electric car in the early morning before daylight along a track where no regular cars run at that hour, the electric headlight according to his own testimony throwing a pencil of light for about a thousand feet about eight feet wide which shut out from his view objects outside of its ray, going at a high rate of speed without sounding his gong at cross streets at a time when persons ordinarily using such streets would not expect a car to be on the track, can be found to be negligent, and the railway company employing him can be found to be liable to a milkman whose wagon after coming from a cross street is struck from behind with great violence by the special car.

In an action by a milkman against a street railway company for injuries to the plaintiff and his horse and wagon from being run into from behind by a car of the defendant, it appeared that the plaintiff was driving in his milk wagon in the early morning before daylight along his regular route and came from a cross street into a street on which were tracks of the defendant, that his wagon was struck from behind with great violence by a special car of the defendant running at a high rate of speed, that the plaintiff had driven over the milk route for ten years and during that time never had seen a car on the tracks at that place at the hour that the accident occurred, that the time for the first regular car was forty minutes after the hour of the accident, and that before his wagon was struck by the car he did not hear the sound of a gong or any notice or warning from the men in control of the car. *Held*, that the plaintiff could be found to have been in the exercise of due care.

There is no absolute rule of law that a person to exercise due care must look and listen before crossing the track of an electric street railway.

TORT for injuries to the plaintiff and to his horse and wagon from being run into by an electric car of the defendant at the time and in the manner described in the statement of the court. Writ dated July 15, 1904.

At the trial in the Superior Court before *Wait,* J. the jury returned a verdict for the plaintiff in the sum of $267.50.

The following statement of the case is taken from the opinion of the court:

The plaintiff, a milkman, was delivering milk on his regular route about half past four in the morning of April 15, 1904,

when he was injured by being run into from behind by a special car of the defendant.   The accident happened on Gorham Street, in the city of Lowell, just north of Cosgrove Street, which runs at right angles to Gorham Street.   The plaintiff, who had been delivering milk in Cosgrove Street, drove in an easterly direction down Cosgrove to Gorham, turned into Gorham to drive north to Anderson Street, a street leading out of Gorham Street on the same side as Cosgrove Street.   Gorham Street was forty feet wide between the curbstones ; in the centre there was a double track of the defendant company, and the space between the easterly track and the east curbstone was ten and one half feet. As the plaintiff swung into Gorham Street his nigh wheels " went over" between the rails of the easterly track of the defendant.   The plaintiff testified " that as he drove his horse and wagon easterly out of the tracks to get into the space between the easterly curbstone of the street and the easterly rail of the defendant and before his hind wheel had left the rail the car of the defendant going northerly struck his team when about sixty feet from Cosgrove Street."   He was thrown from his seat to the ground, the wagon was pushed along Gorham Street about twenty feet after it was struck by the car, up against a post, and came to a stop about one hundred feet beyond the post.   The plaintiff also testified that he had driven over the milk route for ten years, never had seen a car go by " there " at the hour in question during that time, and that the time for the first regular car was ten minutes after five.   He admitted that " he did not look in any direction for a car or listen for a car or think anything about a car as he drove up Cosgrove Street and on to Gorham Street " ; that at the time of the accident it was not daylight but gloom, and that " at no time before his wagon was struck by the car did he hear any gong strike, or hear any notice or warning of any kind from the men who had control of the car."

The defendant introduced evidence that the car was a special car which had been to Billerica and was on its way back ; that it was going ten or twelve miles an hour ; that the plaintiff's wagon was seen by the motorman when the car was " about fifty feet from the southerly line of Cosgrove Street " ; that at the time the horse " was just turning from Cosgrove to Gorham

Street "; that "he applied the brake and the reverse but before he could bring the car to a stop it struck the hind wheel of the plaintiff's wagon; that a bright electric headlight threw a pencil of light about eight feet in width and confined to the track for a distance of about one thousand feet, and which shut out the motorman's view of objects outside the ray of said pencil." The defendant also introduced evidence of snow plows and sand cars which ran over the tracks between 11.20 P. M. and 5.10 A. M.

At the close of the evidence the defendant asked for a verdict as matter of law. This was refused, and the defendant took an exception.

The presiding judge instructed the jury that "A person in approaching a street railway track is not bound by any strict rule of law, as when he approaches a steam railroad crossing, to stop and look and listen, or to take special precautions in order to determine whether there is danger to him in going upon the tracks; but, while the law does not say that he must stop and look and listen, it does say that he must use the degree of care which an ordinarily prudent and careful person would exercise, placed in the same position, and it is for you to say whether, upon the evidence in this case, the plaintiff has produced a fair preponderance of testimony to show that he was acting when he turned from the side street out upon Gorham Street and drove along Gorham Street, with a degree of care which a reasonably prudent and careful person would exercise." To this instruction the defendant excepted.

The case is here on these exceptions.

*W. D. Turner*, for the defendant.

*J. J. Hogan*, for the plaintiff, was not called upon.

LORING, J. [After the foregoing statement of the case.] 1. In its argument that there was no evidence of negligence on the part of the defendant, the defendant has assumed that the car was going ten or twelve miles an hour. But that assumption is not warranted. The jury were not bound to believe the testimony of the defendant's witnesses. If they believed (as they were warranted in believing on the evidence) that the wagon was struck sixty feet north of Cosgrove Street and was pushed along Gorham Street about twenty feet after it was

struck by the car and up against a post, and that the car did not stop until it was about one hundred feet beyond the post although the brake and the reverse were applied when the car was fifty feet south of the southerly line of Cosgrove Street, they could find that the car was going much faster than twelve miles an hour. In considering whether the defendant was guilty of negligence the jury could consider that the motorman testified that his electric headlight threw a pencil of light eight feet wide which shut out the motorman's view, and yet he was running his car at the high rate of speed indicated by what occurred, and without sounding his gong at cross streets when persons using such streets would not ordinarily expect a car to be on the track. We are of opinion that they were justified in finding that the defendant was negligent.

2. The difference between the case at bar and the Massachusetts cases cited by the defendant, (*Hall* v. *West End Street Railway*, 168 Mass. 461; *Kelly* v. *Wakefield & Stoneham Street Railway*, 175 Mass. 331; *Hurley* v. *West End Street Railway*, 180 Mass. 370; *Dooley* v. *Greenfield & Turners Falls Street Railway*, 184 Mass. 204; *Gleason* v. *Worcester Consolidated Street Railway*, 184 Mass. 290; *Dunn* v. *Old Colony Street Railway*, 186 Mass. 316; *Black* v. *Boston Elevated Railway*, 187 Mass. 172; *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243; *Seele* v. *Boston & Northern Street Railway*, 187 Mass. 248,) in support of its contention that as matter of law the plaintiff was guilty of contributory negligence, is that in those cases the accident happened at a time when cars were to be expected to be running on the tracks in question.

In addition the defendant has cited the case of *Butler* v. *Rockland, Thomaston & Camden Street Railway*, 99 Maine, 149. The plaintiff in that case was struck by a train of lime rock cars, and it is stated in the opinion that "it appears that the plaintiff knew that the defendant was running trains of lime-rock cars" in addition to the passenger cars shown on its schedule. We do not know how far the court intended to go by this further statement in that opinion: "And in any event the defendant had the right to run cars when it chose, and it was the duty of the plaintiff to exercise some care to look out for them."

3. The defendant has argued that the presiding judge was

wrong in telling the jury that " a person in approaching a street railway track is not bound by any strict rule of law, as when he approaches a steam railroad crossing, to stop and look and listen, or to take special precautions in order to determine whether there is danger to him in going upon the tracks." The distinction between the two is settled in this Commonwealth. *Robbins* v. *Springfield Street Railway,* 165 Mass. 30. *Hall* v. *West End Street Railway,* 168 Mass. 461, 462. *Donovan* v. *Lynn & Boston Railroad,* 185 Mass. 533, 535.

*Exceptions overruled.*