EMILY A. BLACKWELL, executrix, *vs.* OLD COLONY STREET RAILWAY COMPANY.

Bristol.    October 22, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence.   Street Railway.*

If a man of middle age starting on foot to cross a street, where he knows that there are parallel street railway tracks over which cars pass frequently, sees before him on the nearer track a line of stationary cars which obstruct his view of the track beyond, and walking over the first track on a cross walk between

two of the cars standing still about three feet apart and being startled by hearing a bell or two bells ring on one of them, hurries to the middle of the farther track without first looking or listening and is struck by a moving car and is injured, he is not in the exercise of due care.

TORT for personal injuries from being struck by an electric car owned and operated by the defendant on Main Street in Brockton at about half past five o'clock in the afternoon of October 24, 1901. Writ dated February 3, 1902.

The action was brought by Theodore D. Blackwell, who sustained the injuries. Later, on the suggestion of his death, Emily A. Blackwell, the executrix of his will, was admitted to prosecute the action.

In the Superior Court the case was tried before *Wait*, J. A statement signed by the original plaintiff, Theodore D. Blackwell, was admitted in evidence. His account of the accident was as follows:

" I am forty-nine years old; was working on shoes for Fred Allen in G. Snow's shop on Lincoln Street, Brockton. On October 24, 1901, Thursday, I left shop at 5.30; walked down right hand side of Lincoln Street to School Street; stopped at School Street and talked with a man four or five minutes; saw clock on City Hall; it was 5.35 P. M. I left the man and walked on right side of School to Main Street. On the north bound track there were a number of cars in line standing still, I think blocked, and a space about three feet wide between two cars on the cross walk or flagging. People were coming and going between these two cars. A man went in between them ahead of me; he was a young man about five feet eight inches tall, dark clothes, dark complexion, smooth face, about twenty-five to thirty years old. There were about eight or ten feet between the young man and myself. He was going faster than I and had passed me.

" I was about in middle of the end of the cars and between them when a small bell in the front end of the back car rang once or twice; I think it was two bells; almost positive there were two bells.

" I then made a quick step into a run, fearing I would be jammed between these two cars. As I came out into the middle of the south bound track I saw the car on that track right on

me, coming fast. I made a leap to get out of the way and was struck in the right leg about half way between the ankle and the knee and knocked off my feet. I think I took one or two blundering steps before I fell and then went down in a heap on my right side.

"I heard no gong or bell from the south bound car and had no idea, it was coming."

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant upon the ground that there was no evidence to be submitted to the jury that the plaintiff's testator at the time of his injuries was in the exercise of due care. The judge refused to rule upon any other issue, stating that as all the evidence in the case had not been introduced he would not rule upon the question whether there was any evidence of negligence on the part of the ˉdefendant. The plaintiff alleged exceptions.

*E. R. Anderson,* (*A. T. Smith* with him,) for the plaintiff.

*D. E. Hall,* for the defendant.

HAMMOND, J. The accident happened in broad daylight, upon a wide, straight street. Aside from the line of stationary cars on the north bound track and the moving car upon the south bound track, there were no teams or other vehicles upon the street to impede the progress of the plaintiff's testator or to affect his movements. He was of middle age, was familiar with the locality, and must be presumed to have known that there were double tracks and that cars frequently passed. over them.

Under such conditions he undertook to cross the street. Having passed from the sidewalk to the north bound track, he passed over that track between two of the cars there standing still, then proceeded over the space between the two tracks and got to the middle of the south bound track, when for the first time he saw the south bound car then close upon him. During all this time, from the time he left the sidewalk until he was struck, it is not shown that he had either looked or listened for a car upon the south bound track. It is true that there is evidence that before crossing the north bound track he " hesitated "; and it is argued by the counsel for the plaintiff that the jury might have found that he was then looking or listening. But the cause of his hesitation is the merest conjecture, and moreover it is plain that

looking could do no good at that time because of the obstruction to his vision. It is perfectly plain from his own statement and from the evidence of the witness Read, who crossed immediately before him, that at the time the testator was about to step upon the south bound track he must have known of the near presence of the moving car had he taken any precaution whatever to ascertain.

It is argued however by the plaintiff that the ringing of the bell of the car standing still upon his left as the testator crossed the north bound track was a negligent act of the defendant, or that at any rate it indicated to the testator that he was in a place of peril and must hastily seek a place of safety ; and, therefore, that his failure to make any effort to look or listen for a moving car upon the south bound track was excusable. But this position is untenable. Under the circumstances the act of ringing the bell cannot be regarded as a negligent act. Nor was the peril of the starting of the car in a line of cars still standing so great as to justify the testator in getting upon the track where there might be a moving car without taking reasonable care to see the danger which might be lurking there. The ruling that there was no evidence of his due care to be submitted to the jury was correct. See *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243, and cases there cited.

*Exceptions overruled.*