DANIEL M. FITZGERALD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 12, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

In an action against a street railway company for personal injuries, where it appears that the plaintiff on a dark and misty night, in attempting to cross a track of the defendant in order to take a car which he saw approaching on the farther of its parallel tracks, walked in front of a car approaching on the nearer track at the rate of twenty miles an hour and was run down, if the plaintiff testifies that before crossing the track he looked to see whether a car was coming and did not see one, when the car in fact was in plain sight, this is not evidence of the exercise of due care, because if he looked he must have looked carelessly and is in no better position than if he had not looked at all.

TORT for personal injuries from being run down by an electric car of the defendant at about half past eleven o'clock on the evening of September 16, 1903, on Columbus Avenue in Boston, while the plaintiff was crossing a track of the defendant for the purpose of taking a car on the parallel track beyond it. Writ dated October 17, 1903.

In the Superior Court *Sherman*, J. ordered a verdict for the defendant, and at the request of the plaintiff reported the case for determination by this court. If the order was correct the verdict was to stand; otherwise, there was to be a new trial.

*J. J. Feeley & R. Clapp*, for the plaintiff, submitted a brief.
*E. P. Saltonstall*, for the defendant.

LORING, J.   The plaintiff started from the wrong, that is to say the left hand, side of a street, to cross the outward bound track of the defendant railway to take an inward bound car going to Boston.   He testified that on seeing the inward bound car approach on the further track he looked both ways, did not see the outward bound car, and walked into it in going across the outward bound track to pass behind the inward bound car in order to board it.   He said that the time when he looked was twenty seconds before he left the sidewalk, and it took about twenty seconds to walk across the road to the place where he was struck.   A companion, McIsaac by name, who was crossing the street behind the plaintiff, said that as the plaintiff stepped on the outward bound track he, the plaintiff, looked back to see him, McIsaac.   There was an arc light where the plaintiff was standing waiting for the car.   It was agreed that the street at the place of the accident is straight for a distance of one eighth of a mile from the place of the accident toward Boston.   The accident happened at about midnight.   It was a dark night and "just misting rain."   There was evidence that the outward bound car was going twenty miles an hour.   On these facts the judge directed a verdict for the defendant, and the case is here on an exception to that ruling.

*Roberts* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 296, relied on by the defendant, is not necessarily decisive of the case at bar because the crossing there in question was the crossing of a steam railroad.   See *Finnick* v. *Boston & Northern Street Railway*, 190 Mass. 382.

But the principle so clearly stated in *Roberts* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 296, is in our opinion applicable in case of a street railway.   In our opinion, if one crossing the tracks of a street railway testifies that he looked to see whether a car was coming (when the car was in fact in plain sight) and that he did not see it, he must have looked carelessly and is in no better position than if he had not looked at all; as to which see *Itzkowitz* v. *Boston Elevated Railway*, 186 Mass. 142; *Dunn* v. *Old Colony Street Railway*, 186 Mass. 316; *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533; *Quinn* v. *Boston Ele-*

*vated Railway*, 188 Mass. 473. In the case at bar the plaintiff would have been guilty of contributory negligence had he walked into the car which ran over him without looking to see whether a car was coming. The case at bar is not so strong a case for the plaintiff as the case of a plaintiff crossing a double line of tracks, who is run over by a car on the further track which was hidden from him by a car on the nearer track, behind which he drives on its passing by him; as to which see *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562; *Bartlett* v. *Worcester Consolidated Street Railway*, 189 Mass. 360; *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243.

*Judgment on the verdict.*