SYLVANUS J. BIRCH vs. ATHOL AND ORANGE STREET RAILWAY COMPANY.

Worcester.   October 3, 1907. — April 2, 1908.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway, Automobile, Street railway.

In an action of tort against a street railway company to recover for damage resulting to the plaintiff's automobile from its being run into by an electric car of the defendant, it appeared that, when the automobile was run into, the plaintiff, in order to turn it around, was backing it from the curb in a semicircle upon the tracks of the defendant in the main street and square of the town of Orange, that the street was a fifty foot street and that the distance from the nearest car rail to the curb was thirteen and a half feet, that there was an unobstructed view for one hundred feet from where the automobile had stood before it was started backward, up the tracks of the defendant to a car station, that previous to the accident the car had stopped at the station, that it was dusk, but that there were no lights either upon the automobile or upon the car, that the plaintiff knew that a car was due at the square coming from the station at about that time and, before starting to back, had looked up toward the station but did not see any car. He did not look backward again until the automobile reached the tracks and was struck by the car. *Held,* that the plaintiff was not in the exercise of due care both because, since he did not see the car when he looked, he must have looked carelessly, and because he failed to look backward after the automobile had started.

TORT for damage to the automobile of the plaintiff caused by a collision with an electric street car of the defendant on East Main Street in Orange. Writ in the Superior Court of the county of Worcester dated November 21, 1906.

There was a trial before *Wait,* J. Besides the facts stated in the opinion, the plaintiff's evidence tended to show that there were no lights in the electric car, that the street where the accident happened was a fifty foot street, and that the distance from the curb to the nearer rail was thirteen and a half feet, that, before the accident, the plaintiff had started to back his car in a semicircle with a view to turning around. Other facts are stated in the opinion.

At the close of the evidence, the presiding judge refused to rule that the plaintiff was guilty of negligence which contributed to the injury, or to direct a verdict for the defendant. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*J. R. Thayer,* (*H. H. Thayer* with him,) for the defendant.

*O. A. Hoban,* for the plaintiff.

SHELDON, J. If we assume that upon the evidence in this case the jury were warranted in finding negligence on the part of the defendant's motorman, we are yet of opinion that a verdict ought to have been ordered for the defendant on the ground that the plaintiff's own negligence contributed to the happening of the collision of which he complains.

The jury might, to be sure, have found that it was reasonably necessary for him, in order to turn his automobile around, to back it upon the defendant's tracks; and he testified that before doing this he looked up the street to the rear to see if there was anything in the way, and saw nothing. But it was undisputed that the distance from the place where his automobile was standing to the electric car station in the square was a little over one hundred feet; that there was nothing to obstruct his view to the rear, either when he started his automobile back or while it was backing; and that the electric car stopped at the square as usual to take on passengers. He expected an electric car to pass there at about that time; and after starting backward he did not look around to see where the car was. He had no lights on his automobile, although it was dusk. The car must have been in plain

sight when he began to back his automobile in a semicircular path towards and upon the defendant's tracks; and it is impossible to avoid the conclusion that with any care in looking he must have seen the car. As was said in *Fitzgerald* v. *Boston Elevated Street Railway*, 194 Mass. 242, if he looked and did not see the car, " he must have looked carelessly and is in no better position than if he had not looked at all."

The case is not like *LeBaron* v. *Old Colony Street Railway*, 197 Mass. 289, in which it was merely difficult, but not impossible, to see how the plaintiff could have looked and listened and yet have failed to see the car; and the rule of that case is not applicable.

Nor, even if it appeared that the plaintiff had looked carefully and that the defendant's car had not then been in sight, but had come up later, could it be said to have been proper care for the plaintiff to run his automobile backward, in the main street and square of so large a town as Orange, upon an electric car track, without looking after he had started, especially when he expected a car to come. This was certainly as negligent as the conduct of a foot traveller, or of the driver of an ordinary wagon, who, without carefully looking, goes in front of an electric car upon a crowded street. *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562. *Blackwell* v. *Old Colony Street Railway*, 193 Mass. 222. *Bartlett* v. *Worcester Consolidated Street Railway*, 189 Mass. 360. *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243. *Seele* v. *Boston & Northern Street Railway*, 187 Mass. 248. *Dunn* v. *Old Colony Street Railway*, 186 Mass. 316. *Hurley* v. *West End Street Railway*, 180 Mass. 370. In all these cases the plaintiff was either going in the same direction as the car, or directly crossing the tracks; and yet a verdict was directed for the defendant. That this plaintiff was backing upon the tracks only makes the case stronger against him.

*Exceptions sustained.*