CAROLINE S. ADAMS, executrix, *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

SAME *vs.* SAME.

Middlesex.  March 7, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence.  Street Railway.*

A man seventy-eight years of age and very deaf, who walks between the rails of a street railway track because the walking is better there than on the highway and does not once look around to see whether a car is coming, is not in the exercise of due care, and if he is killed by a car the executor of his will cannot recover against the railway company for his death and conscious suffering.

LATHROP, J.  These are two actions of tort, brought by the plaintiff as executrix of the will of Otis Adams.  The first action is brought, under the R. L. c. 111, § 267, for the death of her testate, in consequence of his being struck by an electric car run by the defendant.  The second action is for conscious suffering. At the trial in the Superior Court, at the close of the plaintiff's evidence, the judge, at the request of the defendant, directed the jury to return a verdict for the defendant in each case; and the cases are before us on the plaintiff's exceptions.

It was incumbent on the plaintiff in each case to prove that her testate was in the exercise of due care.  The accident happened in the town of Chelmsford on March 10, 1904, about five o'clock in the afternoon.  The testate was seventy-eight years of age, and was very deaf.  When first seen by one of the witnesses he was walking by the side of the track.  This witness testified that soon after he saw him walking between the rails of the track ; and all the witnesses testified that he continued so walking until struck.

According to the testimony of some of the witnesses the car was five hundred feet away when they first saw the testate. They all heard the gong sounded; and one of them testified that "it seemed to him that the motorman was doing everything possible to bring the car to a standstill."  It appears that the road

was slushy and the rails wet. The car was going at the rate of eight or ten miles an hour.

The only excuse offered for the testate's walking between the rails is that the walking was better there than on the highway. It does not appear whether there was any sidewalk on the street or not.

Where the testate was walking was a dangerous place, where no man of ordinary prudence would walk. *Dooley* v. *Greenfield & Turners Falls Street Railway*, 184 Mass. 204. The fact that the walking was better there than in the highway was no excuse. " His want of hearing made it incumbent upon him to be more alert in the use of his other senses." *Hall* v. *West End Street Railway*, 168 Mass. 461. The evidence in the case is that he did not once look around to see whether a car was coming.

On the evidence in the case we are of opinion that the testate was not in the exercise of due care; and that the ruling was right. This renders it unnecessary to consider whether there was any evidence of negligence on the part of the defendant.

*Exceptions overruled.*

*J. J. Harvey*, for the plaintiff.

*G. F. Richardson, L. T. Trull & F. N. Wier*, for the defendant.