EMMA SMALLWOOD, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* SAME.

Suffolk.    March 4, 1914. — March 31, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* In use of highway, Street railway.

Although the law does not have a different standard of care for deaf persons than for those whose hearing is normal, yet a very deaf man about to cross a street is required to exercise greater vigilance in the use of his other faculties by reason of his disability.

If a man eighty years of age and very deaf, but with his eyesight unimpaired and not suffering from any other disability, starts to cross the street on which he lives, in the centre of which is a single street railway track on which cars run in one direction at intervals of five minutes, and, walking diagonally across the street at a place where there is no cross walk and looking straight ahead of him, is struck by some part of a street railway car, which is running very fast, just before he reaches the nearer rail of the track, and receives injuries from which he dies, these facts indicate a complete absence of care on his part, and there can be no recovery from the corporation operating the railway for causing his suffering and death.

CROSBY, J.  These are two actions of tort, one to recover for the conscious suffering, and the other for the death, of the plaintiff's intestate, Joseph B. Smallwood, who was struck by an electric car of the defendant on December 17, 1909, and died five days later as the result of injuries so received.  He was over eighty years of age and very deaf; but there was no evidence to show that his eyesight was impaired or that he was suffering from any other disability.

The accident occurred on Seventh Street, between D and E Streets in South Boston, shortly after eight o'clock in the morning. At this time and for several months previously the decedent had lived at 131 Seventh Street, which is between D and E Streets.

The defendant maintained a single track in about the centre of the street, between C and E Streets, upon which electric cars were operated in but one direction, all cars entering Seventh Street from C Street and turning to the right into E Street, and were scheduled to run at five minute intervals.  Seventh Street at the place of the accident was thirty-five feet wide, and the distance from the curb to the nearer rail where the decedent was struck was about sixteen feet.  There was no cross walk at or near the place where he was crossing the street.

There was evidence to show that the car in question turned into Seventh Street from C Street; that it was running "very fast," and struck the plaintiff's intestate at a point on the street between D and E Streets as he was attempting to cross, in a diagonal direction from the front of the house where he lived to the opposite side.  The only eyewitness to the accident was one Gallagher, who was standing in a drug store at the corner of Seventh and E Streets.  He testified that he "looked out [of] the window of the door. . . . I could see the man in the street between the curbing and the track.  All of a sudden the man disappeared. I opened the door and run out to the other side of the wagon.  I see the man was on the ground."  This witness further testified that the decedent "was practically nearer the track than he was to the curb. . . . He was facing right ahead of him when I see him," and that he was going at "an ordinary walk."  It further appears by the record that when the intestate in his diagonal course across the street had almost or quite reached the

rail nearer the side of the street on which he lived, and from which he had started, he and some part of this car came in contact, and he was knocked down, and fell to the ground at the right of the car, in the direction in which the car was going, that is, nearer the side of the street from which he started.

The presiding judge * ruled that the plaintiff could not recover; and we are of opinion that this ruling was right. The fact that the decedent was deaf did not deprive him of his right to travel upon the highway, although his want of hearing required greater caution in the use of his other faculties to protect himself from injury.

The law does not impose any different standard of care for persons suffering from a physical disability than for others not so suffering; yet, where such impairment exists, special care and precaution may be required in crossing the car tracks of an electric railway company, or under other circumstances where the danger of injury is manifestly apparent. In the case at bar there is no evidence to show that the decedent took any precautions whatever to ascertain whether a car was approaching, or that he knew of its presence until he was struck. There is nothing to indicate that his attention was distracted or that he was confused. All that appears is that he left the curbing and, walking in an ordinary way, proceeded to cross the street diagonally, looking in the direction in which he was going, and came in contact with the car as he reached the track, or just before he stepped upon it.

It is undoubtedly true that there is no absolute rule which requires a person, who is about to cross a street railway track, under all circumstances to look or listen for the approach of a car; yet in a given case due care may require it.

The undisputed evidence in this case clearly indicates an entire absence of care on the part of the plaintiff's intestate for his safety. The case cannot be distinguished from many others where this court has held that there was not sufficient evidence to warrant a verdict for the plaintiff. *Plympton* v. *Boston Elevated Railway, ante,* 137. *O'Brien* v. *Boston Elevated Railway, ante,* 130. *Morse* v. *Boston Elevated Railway,* 216 Mass. 579. *Adams* v. *Boston & Northern Street Railway,* 191 Mass. 486.

---

* *Wait,* J.

*Keith* v. *Worcester & Blackstone Valley Street Railway,* 196 Mass. 478.  *Callaghan* v. *Boston Elevated Railway,* 200 Mass. 450.

As the evidence does not show that the plaintiff's intestate was in the exercise of due care, it is unnecessary to consider the question of the motorman's negligence.

*Exceptions overruled.*

*W. B. Grant,* (*G. B. Hayward* with him,) for the plaintiff.

*W. G. Thompson,* (*G. E. Mears* with him,) for the defendant.