## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* WALLACE.

[No. 14,263. Filed March 29, 1932. Rehearing denied July 27, 1932. Transfer denied December 23, 1932.]

Miller & Treadway, Rawley, Baumunk & Fisher, and Beasley, Aikman, O'Brien & Beasley, for appellant.

John A. Riddle and Seymour Riddle, for appellee.

KIME, J.—On the evening of October 15, 1928, between the hours of 8 and 9 o'clock, Joseph Wallace, appellee herein, was struck by a car belonging to appellant while attempting to cross the tracks of appellant, and received personal injuries for which he sought to recover.

At the trial of this cause it was shown that the accident occurred on Lafayette Avenue, which is United States Highway 41, and also a state highway. It is shown by the evidence that Lafayette Avenue is a straight street running in a northeasterly and southwesterly direction and the tracks are in the center of

the street. From the direction from which the work train which struck appellee approached, the tracks continue in the center of the street for a distance of approximately 319 feet. The street, at the point of the accident and in the nearby vicinity, was paved with brick on each side of the tracks. The center portion of the street occupied by the tracks was a rough, uneven, and unpaved area about 12 feet wide. It was shown that appellee started west across said Lafayette Avenue from a corner intersecting with Seabury Avenue. Seabury Avenue did not continue across Lafayette Avenue at this corner, it being at this point a dead end street. It was also shown that there were no street lights at this point. It was a dark, cloudy night and it was misting rain. Appellee testified that it was so dark that houses could not be distinguished across the street except by the lights in them.

The train which struck appellee consisted of one car, which was equipped with electric apparatus for generating or conducting motive power, which weighed 50,000 pounds and ran on eight steel wheels, two flat cars having eight steel wheels each, weighing 30,000 pounds empty and which were loaded with gravel, causing them to total 50,000 pounds each. The work train was also equipped with lights, a headlight, a whistle and an automatic gong.

The evidence shows that prior to and at the time of the accident appellee was not afflicted with any physical infirmity and his eyesight and hearing were both good. Appellee testified that as he started across angling Lafayette Avenue from where Seabury runs into it, he saw automobiles going north with headlights burning and waited for them to pass. He then proceeded, stepped into that portion of the paved street used by automobiles and looked and listened. He further testified that when he was about five feet from the tracks

he looked both directions and couldn't see anything; that he also stopped and listened for cars but did not hear any; that he took two or three steps and the collision occurred. Appellee was found at a point 50 feet south of Seabury Avenue, approximately 48 feet from the south line. He testified he crossed at the north line. Blood was found on the rail 48 feet south of the south line of Seabury Avenue. The above statement of facts was disclosed during the trial of the cause, which was had before a jury and who returned a verdict in favor of appellee.

Certain interrogatories were submitted to the jury and answered in part. Appellant filed a motion for judgment in its favor on the answers to the interrogatories, and also a motion for a new trial, assigning that: (1) The verdict of the jury is not sustained by sufficient evidence. (2) The verdict of the jury is contrary to law. Four other reasons dealt with the refusal of the court to give certain instructions. These motions were overruled and the overruling of same is herein assigned as error. Both the motions present but one question to this court, viz: Was the appellee guilty of contributory negligence as a matter of law?

The jury, by its answers to the interrogatories, conclusively settled that the appellant, through its servants and employees, was operating an electric motor car over its lines in the city of Terre Haute in the night time without lights and that its employees did not sound a gong or blow a whistle as the electric car approached the intersection of Lafayette Avenue and Seabury Avenue, and that said electric motor car struck appellee while he was attempting to cross the tracks of appellant at the aforesaid intersection.

However, appellant says that the evidence discloses a state of facts from which an appellate tribunal should declare, as a matter of law, that the appellee was guilty

of contributory negligence, despite the general verdict of the jury. In support of this proposition it calls to our attention the absence of street lights, the darkness and atmospheric conditions (all of which we have heretofore set out), that when appellee was right on the tracks between the two rails he heard the rumble of the cars, turned his head and was then struck by the car; that the above and foregoing evidence, taken in connection with the undisputed evidence that the weight of the "involved motor car" was approximately 50,000 pounds; that each of the flat cars weighed 30,000 pounds; that all the wheels of the cars and the rails upon which they traveled were of steel construction and that the cars were traveling at the rate of 15 miles per hour; that there was uncontradicted evidence of two witnesses produced by appellant, who were placed in substantially the same position as appellee, to the effect that the cars could be heard plainly at the curve which was 300 feet north and continuously down to the listeners, same creating a grating, grinding noise, and could likewise be heard an equal distance in traveling on down the street.

Appellant has filed with this court a comprehensive brief citing numerous authorities to the effect that a person "actually saw what he could have seen if he had looked, and heard what he could have heard, if he had listened," or that "if he did look and listen he did not heed what he saw and heard." The above theories have often and almost invariably been upheld by our courts and are unquestionably the law today, as regards steam railroads, but our courts have just as consistently held that the "look and listen" rule is not applied, with strictness, to those passing over car tracks laid in the streets of cities. *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 107 N. E. 689; *Duetz* v. *Louisville, etc., Traction Co.* (1911), 46 Ind.

App. 692, 694, 91 N. E. 622; *Henry v. Epstein* (1912), 50 Ind. App. 660, 668, 95 N. E. 275; *Indianapolis Street R. Co. v. Marschke* (1906), 166 Ind. 490, 77 N. E. 945; *Union Traction Co. v. Moneyhun* (1922), 192 Ind. 288, 136 N. E. 18; *Indianapolis Street R. Co. v. O'Donnell* (1905), 35 Ind. App. 312, 73 N. E. 163; *Indianapolis Street R. Co. v. Schmidt* (1905), 35 Ind. App. 202, 71 N. E. 663; *Consolidated Trac. Co. v. Scott* (1896), 58 N. J. Law 682, 34 Atl. 1094, 34 L. R. A. 122, 55 Am. St. 620. The cases cited also hold that the duty of pedestrians or of persons riding in or driving vehicles is no higher or different in law from the duty of the company which operates the street car, except that the street car is confined to its track.

In *Indianapolis Street R. Co. v. Schmidt, supra,* the court, quoting from Baldwin, American Railroad Law, p. 415, said: "These rules do not fully apply to such parts of interurban railroads laid in highways or of ordinary street railways as are in populated communities. . . . The railroad car is also under easy control and can be readily and quickly stopped. Its rate of speed in populated districts is generally moderate. . . . Hence, the absolute stop, look, and listen rule is nowhere applied to street railway crossings in cities." The court further quotes with approval from the same author, p. 421, saying: "Those traveling along a street on which a street railway is in operation have as good a right to use the street where the tracks are laid as to use any other part of it, provided they act with due regard for the convenient and safe movement of the cars upon them." It is also well settled that the rights of the parties upon the streets and to the use thereof are equal and each is bound to use ordinary care. *Union Traction Co. v. Moneyhun, supra; Reid, Admr., v. Terre Haute, etc., Traction Co.* (1920), 73 Ind. App. 541, 127 N. E. 857; *Louisville, etc., Traction Co. v. Lottich* (1915), 59

Ind. App. 426, 106 N. E. 903; *Indianapolis, etc., Traction Co.* v. *Senour, Admx.* (1919), 71 Ind. App. 10, 122 N. E. 772.

As heretofore stated, appellant urges and lays particular stress upon the excessive weight of the cars involved, and says that this court should declare the appellee guilty of contributory negligence as a matter of law for the reason that if appellant listened he is presumed to have heard the noise and rumble created by such cars in motion. With this we do not agree, and the authorities above cited indicate that this theory does not apply as respects street railways. Whether or not appellee's conduct was such as to render him guilty of contributory negligence depends upon the surrounding circumstances and the attendant care used, and hence we cannot say, as a matter of law, that his going upon the tracks, under the conditions as disclosed by the evidence, was contributory negligence. The jury in the instant case specifically found that the car was operated without lights and that no warning signal was given, and the evidence shows, without contradiction, that appellee did more than was required of him, namely, that he *stopped,* looked and listened. The test of appellee's conduct is that of reasonable care in view of the circumstances. Whether his conduct was negligent was for the jury to decide. *Indianapolis Street Railway Co.* v. *O'Donnell, supra.*

Here, the jury returned a general verdict in favor of appellee. Authorities need not be cited in support of the propositions that the general verdict determines all material issues in appellee's favor; that every reasonable presumption, inference and intendment will be indulged in support of the general verdict, and none indulged in favor of the answers to the interrogatories.

Under the error assigned, appellant complains of the court's refusal to give certain instructions tendered by it. In considering such errors, it is not the rule ▮ of the court to consider each instruction given or refused, separately and apart form the other instructions given and as an abstract proposition of law, without regard to the evidence to which it may or may not apply. On the contrary, each instruction must be considered in its relation to the other instructions given, with reference to the evidence given. Not all of the law of the case need be given in one instruction, but different controlling principles may be stated in separate instructions. If the instructions, taken as a whole, fairly state the law applicable to the evidence, there is no reversible error. Here all the instructions complained of were fully and completely covered by other instructions given. Seventy some odd were tendered and most of them were given, all of which have been carefully examined. We hold there was no error in the refusal to give the four instructions complained of by appellant.

Finding no error, this judgment is therefore affirmed and it is so ordered.