Roy A. GOODSON et al., Plaintiffs-Appellants,

v.

CITY OF FERGUSON, a Municipal Corporation, et al., Defendants-Respondents.

Ben F. WRIGHT et al., Plaintiffs-Appellants,

v.

CITY OF FERGUSON, a Municipal Corporation, et al., Defendants-Respondents.

Glenn V. HOOKER et al., Plaintiffs-Appellants,

v.

CITY OF FERGUSON, a Municipal Corporation, et al., Defendants-Respondents.

Nos. 30803–30805.

St. Louis Court of Appeals.

Missouri.

April 18, 1961.

Wm. R. Schneider, St. Louis, for appellants.

Carleno & Nick, Ferguson, Wehrle & Wehrle, Clayton, Gragg & Aubuchon, and Michael J. Aubuchon, St. Louis, for Municipal Contractors, Inc.

ANDERSON, Presiding Judge

Plaintiffs in these three cases have appealed from judgments of the trial court dismissing their actions for failure to state a claim upon which the requested relief may be granted. The actions were for declaratory judgments and for injunctions enjoining the City of Ferguson and its Officers from regrading and repaving certain city streets. The appeals were to the Supreme Court, but that Court held it did not have jurisdiction of said appeals and transferred same to this court. The opinion transferring the cases may be found in 339 S.W.2d 841. The issue on this appeal is whether

the court erred in sustaining defendants' motions to dismiss. The allegations of the petitions in the three cases are identical, except as to the names of the plaintiffs, and the names of the streets involved. For that reason it was stipulated by the parties that in this court the cases would be briefed and argued together and that the issues raised would be disposed of by one opinion of this court. To resolve the issue before us we will examine the allegations of the petition in case No. 30,804.

Plaintiffs allege that the defendant City is a special Charter City organized under Article VI, Section 19 of the Constitution of Missouri, V.A.M.S.; that defendant Municipal Contractors, Inc., is a Missouri corporation; that defendant Miller Brothers Excavating Company are to regrade Derinda Avenue and that the other named defendants are members of the City Council.

It is further alleged that plaintiffs are the owners of real property abutting on Derinda Avenue between Elizabeth and Barat Avenues in said city and bring this action for themselves and as class representatives of other owners of real property abutting on said Derinda Avenue. Attached to the petition as exhibits are copies of Sections 68, 69 and 70 of Article VIII of the Charter of said City, which plaintiffs allege were "in effect at all times material hereto."

The material portions of Section 68 of said Charter provide that any public improvement, except emergency work or repairs requiring prompt attention, shall be begun by the adoption of a resolution by the council declaring the necessity for such improvement, and when payment is to be made by special tax bills, the resolution shall state the proposed method of making assessments to pay for the improvement, and the estimate of the probable cost thereof.

Section 69 provides that any public improvement, the cost of which is to be paid for in whole or in part by special tax bills, shall be authorized and executed as follows: The Council shall cause its resolution declaring the necessity for such improvement to be published, and shall cause a copy of the resolution to be mailed to each interested resident property owner, and hold a public hearing thereon; if at least eighty percent of the resident property owners, who shall also own eighty percent of the total front feet abutting on the proposed improvement, shall not within ten days subsequent to the date of the public hearing file their protest against the improvement, then the council may by ordinance provide for the improvement. If, however, at least eighty percent of said owners shall within ten days after the date of the public hearing file their protest, the council shall authorize such improvement only by an ordinance passed with the affirmative vote of at least six members of the council.

Section 70 provides that when the Council shall by ordinance find and declare that no valid protests have been filed, said finding and declaration shall be conclusive after the execution of the contract for the improvement, and thereafter no special tax bill shall be held invalid for the reason that a protest sufficiently signed was filed with the city clerk.

The petition alleged that on January 28, 1958, the City Council passed a resolution declaring the necessity of grading and paving Derinda Avenue, with concrete paving 26 feet wide, and that a portion of the cost to the extent of $6.50 per front foot be levied as an assessment in the form of special tax bills against the owners of property abutting both sides of said street; that defendants caused notice of the passage of said resolution, and of the holding of a public hearing thereon on February 11, 1958, to be published and to be mailed to the owners of said property aforesaid; that within ten days after the public hearing there was lodged with the City Clerk protests in writing, by all the resident owners of all the property abut-

ting said street, against making said improvement and assessing the costs thereof against the property abutting Derinda Avenue.

It was further alleged that on March 11, 1958, the City Council passed Ordinance No. 228, which provided for the grading and paving of Derinda Avenue from the east line of Elizabeth Avenue to the west line of Barat Avenue, and for the payment of the costs thereof by special tax bills against the property abutting both sides of the street at a rate not to exceed $6.50 per front foot. A copy of said Ordinance is attached to the petition as Exhibit B.

By paragraph 6 of said petition it is alleged that on July 7, 1959, the City Council passed an ordinance approving the plans and specifications for said repaving and authorizing the defendant City Manager to advertise for bids. Said Ordinance is attached to the petition as an exhibit. It was further alleged that bids were requested by publication in a newspaper, and a bid submitted by defendant Municipal Contractors, Inc. subject to acceptance by the Council. It was then alleged that payment for the work will be made by the issuance to the contractor of special tax bills, which will constitute a lien and cloud upon the title of the real property owned by plaintiffs and those constituting the class represented by plaintiffs, and "That the letting of said bids and the advertisement therefore is invalid and in violation of the terms of the Charter of the City of Ferguson and Article VI, Section 19 of the Constitution of the State of Missouri."

By paragraph 7 it is alleged "that Ordinance No. 228, as aforesaid, insofar as it authorizes the cost of the paving of Derinda Avenue as aforesaid, to be levied as an assessment in the form of special tax bills against the respective parcels of real property abutting Derinda Avenue as aforesaid, and Sections 68, 69 and 70 of Article VIII of the Charter of the City of Ferguson authorizing the means and methods of the passage of ordinances for the levying of such assessments and the issuance of special tax bills therefor to pay the costs of street paving, and more particularly the passage of said Ordinance No. 228, are unconstitutional, unlawful and void and are in direct contravention of Article VI, Section 19 of the Constitution of the State of Missouri."

In paragraph 8 it is alleged that Ordinance No. 228 "insofar as it authorizes the cost of the paving of Derinda Avenue as aforesaid to be levied as an assessment in the form of special tax bills against the respective parcels of real property abutting Derinda Avenue as aforesaid, is void and unconstitutional, in that the issuance of special tax bills thereunder against the real property abutting said Derinda Avenue as aforesaid, will deprive these plaintiffs and others whom they represent as a class, of their property, without due process of law, in derogation and contravention of Article I, Section 10 of the Constitution of the State of Missouri, and of Amendment No. V of the Constitution of the United States of America."

Plaintiffs allege in paragraph 9 of their petition that Derinda Avenue had been resurfaced and paved with macadam within a short period prior to the passage of Ordinance No. 228, and at the time of the introduction and passage of said ordinance "and at the present time, the surface of said Derinda Avenue is in an excellent state of repair and has so been for a long time prior thereto. That there was and is no immediate necessity or reason for the resurfacing and repaving of said Derinda Avenue. That the finding of the defendant Councilmen in said Ordinance No. 228 that it was necessary to pave Derinda Avenue with concrete, was so made by defendant Councilmen without reasonable cause or excuse and had no relation to the facts concerning the condition of said Derinda Avenue. That the finding of the defendant Councilmen regarding the necessity of repaving Derinda Avenue as aforesaid,

was not based in any measure on the physical condition of the pavement of said Derinda Avenue, but was part and parcel of a plan or scheme of the members of said Council to repave with concrete all of the streets in said City, regardless of their condition or the necessity for said repaving. That said Ordinance No. 228, in respect to the finding therein of the necessity for the repaving of Derinda Avenue as aforesaid and for charging the cost thereof against the abutting property owners, is arbitrary, oppressive and unreasonable, and any tax bills issued in respect thereof would amount to extortion and confiscation as to these plaintiffs and all others similarly situated whom they represent, in violation of the laws and constitution of the State of Missouri and of the United States of America, as aforesaid set out."

The prayer of the petition was that the court declare the rights of the parties under Ordinance No. 228 with respect to the paving of Derinda Avenue, and particularly the right of the defendants to issue special tax bills against the real property abutting Derinda Avenue for the cost of paving thereof, and that the court issue its injunction enjoining defendants from regrading and repaving said street. It was further prayed that the court declare Ordinance No. 228 unconstitutional and void as being in derogation and contravention of Article VI, Section 19 of the Constitution of the State of Missouri and Amendment No. V of the Constitution of the United States. It was next prayed that the court "decree and declare said Ordinance No. 228, and particularly the portion thereof authorizing the issuance of special tax bills against the real property abutting Derinda Avenue to pay for the paving of said Derinda Avenue, to be void and of no effect, because the finding of the necessity to repave Derinda Avenue, as set out in said ordinance, was not based on fact, but that said ordinance in such effect and the actions of said defendant Councilmen in passing said ordinance, are arbitrary, oppressive and unreasonable." There was also a prayer for general relief.

The Supreme Court in its opinion held that there were no facts stated in the petition from which it could be found there was a violation of plaintiffs' constitutional rights, and stated that whether the petition otherwise stated a cause of action in paragraph 9 thereof was a matter exclusively within the jurisdiction of this Court.

In substance it was alleged in paragraph 9 of the petition that there was no necessity to repave Derinda Avenue since it was in an excellent state of repair, and that the finding by the City Council in Ordinance No. 228 of such necessity was made without reasonable cause, and was part and parcel of a plan or scheme of the members of the City Council to repave with concrete all of the streets of the city regardless of their condition. In other words, the complaint is that the ordinance is unreasonable for the reason there was no necessity to repave Derinda Avenue.

■ The necessity, wisdom and propriety of public improvements are primarily matters for legislative determination and, absent any charge of fraud or oppression, the decision of the City Council in regard to such matters is not subject to judicial review. City of St. Louis v. Semple, Mo., 199 S.W. 967; Giers Imp. Corp. v. Investment Service, Inc. et al., Mo., 235 S.W.2d 355; City of St. Louis v. Brown et al., 155 Mo. 545, 56 S.W. 298; Kansas City v. Liebi, 298 Mo. 569, 252 S.W. 404, 28 A.L.R. 295.

■■ In the latter case it was held that a city ordinance providing for improvements will not be declared invalid, as unreasonable, if it is within the express power of the municipal authority which ordains it. In the case at bar it appears from the allegations of the petition that Ordinance No. 228 was duly enacted in strict compliance with Sections 68, 69 and 70 of Article VIII of the Charter of the

City of Ferguson. In view of the foregoing decisions we cannot hold that in alleging that under the allegations of the petition the ordinance could be declared unreasonable and void. Nor can we say that the averment of a scheme on the part of the council to repave all the streets of the city with concrete is a plea of fraud. There was no allegation that the scheme was for an evil purpose, or that any part thereof was intended for the interest of any person or persons other than the general public. Evidence introduced under this allegation would not establish fraud in the passage of the ordinance or tend to prove that the scheme itself was unlawful. City of St. Louis v. Semple, supra.

In our opinion the petitions failed to state a cause of action. The trial court properly sustained the motions to dismiss. The judgments appealed from are affirmed.

RUDDY and WOLFE, JJ., concur.